IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-CV-02001-MSK-CBS

EIGHTH DISTRICT ELECTRICAL PENSION FUND,
EIGHTH DISTRICT ELECTRICAL PENSION FUND ANNUITY PLAN,
TRUSTEES OF EIGHTH DISTRICT ELECTRICAL PENSION FUND & ANNUITY PLAN,
EIGHTH DISTRICT ELECTRICAL BENEFIT TRUST FUND,
TRUSTEES OF EIGHTH DISTRICT ELECTRICAL BENEFIT TRUST FUND,
DENVER JOINT ELECTRICAL APPRENTICESHIP AND TRAINING COMMITTEE, and
TRUSTEES OF DENVER JOINT ELECTRICAL APPRENTICESHIP AND TRAINING COMMITTEE,

   Plaintiffs,

v.

WHITNEY ELECTRIC COMPANY, a Colorado corporation, and
CRAIG WHITNEY, an individual,

   Defendants.

## OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** comes before the Court on the Plaintiffs' Motion for Summary Judgment **(#48)**, to which the Defendants did not respond. Having considered the same, the Court **FINDS** and **CONCLUDES** the following.

### I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

### II. Issue Presented

This is an action by employee benefit funds to recover employee benefit contributions owed to them by an the defendant/employer pursuant to a collective bargaining agreement. The Plaintiffs assert that Defendant Whitney Electric Company ("Whitney Electric") is delinquent in

making its monthly payments from 2007, 2008, and 2009.  Accordingly, they seek repayment of the delinquent amounts.  As to Defendant Craig Whitney, the Plaintiffs maintain that he is individually liable for a portion of the delinquent amounts because he served as a personal guarantor to a payment agreement for delinquent contributions from June and July 2007.

### III.   Material Facts

The Court has reviewed all of the Plaintiffs' submissions.  Generally, the disputed facts would be construed most favorably to the non-movant (here, the Defendants) but because the Defendants have not responded to the motion for summary judgment, the facts identified by the movant are deemed undisputed.

Whitney Electric is an electrical contractor in Colorado Springs, Colorado.  It is owned and operated by Defendant Craig Whitney.  In 1973 and again in 2008, Mr. Whitney signed Letters of Intent on behalf of Whitney Electric, agreeing to be bound by the collective bargaining agreement negotiated between the Southern Colorado Chapter of the National Electrical Contractors Association ("Souther Colorado Chapter"), as its representative, and Local 113 of the International Brotherhood of Electrical Workers ("Local 113"), as the representative for the electrical workers.  The collective bargaining agreement at issue here became effective on June 1, 2007.  It requires employers, such as Whitney Electric, to, on a monthly basis, disclose its payroll reports and remit a corresponding contribution (based on the hours worked by covered employees) to the Eighth District Electrical Pension Fund and the other related employee benefit funds (the "Funds").  The Funds are joint labor-management employee benefit funds governed by the Employee Retirement Income Security Act ("ERISA").  Under the collective bargaining agreement the employer is also bound by the documents governing the various Funds, including

the delinquency and interest provisions.

Whitney Electric did not remit its contributions in June and July 2007. In January 2008, Whitney Electric and Mr. Whitney entered into a Payment Agreement with the Funds for payment of the total indebted amount from these two months of $360,601.11. Pursuant to this agreement, Whitney Electric agreed to make monthly payments from February 15, 2008 through January 15, 2009, with the first eleven payments in the amount of $30,540.60 and the final payment in the amount of $24,654.51. Mr. Whitney agreed to be individually liable for the indebtedness. In exchange, the Funds agreed not to pursue legal action for the delinquent payments. The Defendants made the first ten payments but failed to make the last two, resulting in an outstanding amount of $57,879.59, including interest.

Whitney Electric also did not make its required contributions from June 2008 through December 2009. It submitted payroll reports but did not remit the corresponding contributions. As a result, Whitney Electric owes $499,062.44 in delinquent contributions. With interest of $202,222.81 (calculated as specified in the various documents governing the Funds), the total amount of indebtedness is $701,285.25.

### IV.  Standard of Review

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof and identifies the party

with the burden of proof. *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

When, as in this case, the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(e). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required. The court then applies the law to the undisputed facts and enters judgment.

## V. Analysis

In this action, the Plaintiffs bring two claims for relief: (i) a claim against Whitney Electric to collect $701,285.25 in delinquent contributions from June 2008 through December 2009 and interest pursuant to 29 U.S.C. §§ 1132 and 1145; and (ii) a breach of contract claim against Whitney Electric and Mr. Whitney for payment of the amount remaining under the

Payment Agreement executed in January 2008. Plaintiffs would bear the burden of proof on both of these claims at trial. Accordingly, they bear the burden to come forward with sufficient, competent evidence to establish a *prima facie* case as to each claim. Because the Defendants have not responded to the Motion, if the Plaintiffs meet this burden summary judgment in their favor is appropriate.

The Court turns first to the ERISA claim. ERISA was enacted to protect the anticipated retirement benefits of employees and their beneficiaries. *See Trustees of Colo. Pipe Indus. Pension Trust v. Howard Elec. & Mech., Inc.*, 909 F.2d 1379, 1382 (10th Cir. 1990). Accordingly, ERISA imposes a statutory obligation on employers to make contributions as required under the terms of its bargaining agreements. *See* 29 U.S.C. § 1145.[1] When an employer fails to meet this obligation, ERISA provides a remedy by which fiduciaries of covered plans may recover the delinquent contributions. *See* 29 U.S.C. § 1132(a)(3) (providing that a civil action may be brought by a plan fiduciary to enforce provisions of ERISA or the terms of a plan). To prevail on such an enforcement action, the Plaintiffs must demonstrate (i) that Whitney Electric was obligated to make contributions to an ERISA plan; (ii) that the event triggering the obligation occurred; and (iii) that it failed to meet this obligation. *See* 29 U.S.C. §§ 1132(a)(2), 1145.

The Plaintiffs have provide sufficient, competent evidence to demonstrate each of these

---

[1] The full text of the statute provides:
29 U.S.C. § 1145 Delinquent Contributions
Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

elements. The Letters of Intent signed by Mr. Whitney on behalf of Whitney Electric bind Whitney Electric to the terms of the collective bargaining agreement negotiated between Local 113 and the Southern Colorado Chapter. Under the collective bargaining agreement, Whitney Electric is required to make monthly contributions to the Funds by the fifteenth of the following month. No payments have been made for the period June 2008 through December 2009. Accordingly, summary judgment is appropriate on this claim.

Pursuant to 29 U.S.C. § 1132(g)(2), when a judgment in favor of an ERISA plan is entered for violation of § 1145, a court awards (i) the unpaid contributions; (ii) interest on such unpaid contributions pursuant to the terms of the plan or 26 U.S.C. § 6621; (iii) an amount equal to the greater of interest on the unpaid contributions or liquidated damages provided for under the plan; (iv) reasonable attorney fees and costs; and (v) any other legal or equitable relief that the Court deems proper.

In this case, the evidence shows that Whitney Electric's unpaid contributions total $499,062.44. Interest pursuant to the collective bargaining agreement and the Funds' governing documents has been calculated at $202,222.81 through June 15, 2010. The Plaintiffs have requested an award of $701,285.25 (unpaid contributions plus interest), to which they are entitled. As to reasonable attorney fees and costs, the Plaintiffs may file a separate request with specific amounts within 14 days of the date of this order.

Turning next to the breach of contract claim, in Colorado[2] a breach of contract claim has four elements: (i) the existence of a contract; (ii) substantial performance by the plaintiff; (iii)

---

[2] The Payment Agreement provides that it shall be governed by the laws of the State of Colorado. *See* Payment Agreement ¶ 14(a), filed at **#48-7**.

failure to perform by the defendant; and (iv) resulting damages to the plaintiff. *See Western Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992). This claim is brought against both Defendants; however, the determination on the ERISA claim resolves all issues as to Whitney Electric. Thus, the claim remains only as to Mr. Whitney.

Plaintiffs have presented sufficient, competent evidence to establish each of the elements of the claim. The Payment Agreement demonstrates that Mr. Whitney agreed to be personally liable for the full amount covered by the Agreement. The Plaintiffs performed under the Agreement by not initiating legal action to collect the unpaid contributions covered by the Agreement.[3] The Defendants failed to make the final two payments under the Agreement, resulting in $57,879.59 still owing to the Funds under the Agreement. Accordingly, the Plaintiffs are also entitled to summary judgment on their claim against Mr. Whitney.

**IT IS THEREFORE ORDERED** that

(1)  The Plaintiffs' Motion for Summary Judgment **(#48)** is **GRANTED**.

(2)  Summary Judgment is entered in favor of the Plaintiffs and against Whitney Electric Company on Claim 1 pursuant to 29 U.S.C. §§ 1132 and 1145 in the amount of $701,285.25, to bear interest as provided by law.

(3)  Summary Judgment is entered in favor of the Plaintiffs and against Craig Whitney on Claim 2 in the amount of $57,879.59, to bear interest as provided by law, for which sum he is jointly liable with Whitney Electric Company.

(4)  The Final Pretrial Conference scheduled for **November 24, 2010 at 10:00 a.m.** is

---

[3] Although obviously the current action was initiated in part to recover those contributions, it was not initiated until August 2009, several months after the Defendants failed to make the last two payments under the Payment Agreement.

     **VACATED**.

(5) The Plaintiffs' Unopposed Motion to Postpone Final Pretrial Conference **(#54)** is **DENIED**, as moot.

(6) Plaintiffs shall have 14 days from the date of this Order to request an award of attorney fees.

Dated this 19th day of November, 2010

           **BY THE COURT:**

           */s/ Marcia S. Krieger*

           Marcia S. Krieger
           United States District Judge